James Rapore (SBN 278925)
jarapore@mintz.com
Matthew J. Novian (SBN 324144)
mjnovian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310.586.3200
Facsimile: 310.586.3202

Attorneys for Defendants
THOMAS KOSTOPOULOS,
KOSTOPOULOS INVESTMENT HOLDINGS, LLC
d/b/a STEMWAVE, AND DR. HAR HARI S. KHALSA, DC,
d/b/a TRANSFORMATIONAL HEALING UNIVERSE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTWAVE TISSUE REGENERATION TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>DR. HAR HARI S. KHALSA, DC, D/B/A TRANSFORMATIONAL HEALING UNIVERSE, AN INDIVIDUAL; THOMAS KOSTOPOULOS, AN INDIVIDUAL; AND KOSTOPOULOS INVESTMENT HOLDINGS, LLC D/B/A STEMWAVE, A DELAWARE LIMITED LIABILITY COMPANY<br><br>Defendants. | Case No. 2:22-cv-07810-MCS-RAO<br><br>**DEFENDANTS' COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND**<br><br>Case Assigned to Hon. Mark C. Scarsi Courtroom 7C, 7th Floor<br><br>*Jury Trial Demanded* |

1

Pursuant to Fed. R. Civ. P. 13, Defendants Dr. Har Hari S. Khalsa, DC d/b/a Transformational Healing Universe ("Dr. Khalsa"), Thomas Kostopoulos ("Kostopoulos"), and Kostopoulos Investment Holdings, LLC d/b/a Stemwave ("KIH") (collectively, "Defendants"), for their Counterclaims against Plaintiff SoftWave Tissue Regeneration Technologies, LLC ("SoftWave"), hereby allege the following:

## NATURE OF ACTION

1. This action seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 7,841,995 ("the '995 Patent") and U.S. Patent No. 8,535,249 ("the '249 Patent").

## PARTIES

2. Defendant Dr. Khalsa is an individual employed by Transformational Healing Universe located at 1649 S. Robertson Blvd., Los Angeles, CA 90035.

3. Defendant Kostopoulos is an individual residing in Boston, Massachusetts and is the Founder and Chief Executive Officer of Kostopoulos Investment Holdings, LLC.

4. Defendant KIH is a Delaware limited liability company with its principal place of business located at 61 Newbury Street, Boston, MA 02199.

5. Upon information and belief, SoftWave is an Ohio limited liability company with its principal place of business located at 195 Chastain Meadows Ct, Suite 109, Kennesaw, GA 30144.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as to Defendants' counterclaims against Softwave pursuant to the patent laws of the United States, Title 35, United States Code, and Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. An actual, substantial, and continuing justiciable controversy exists

between Softwave and Defendants based on Softwave having filed a Complaint and First Amended Complaint against Defendants alleging infringement of two patents: the '995 Patent and '249 Patent, with respect to which Defendants require a declaration of their rights by this Court. Specifically, the controversy concerns the non-infringement and invalidity of the '995 Patent and '249 Patent.

8. This Court has personal jurisdiction over SoftWave because Plaintiff has invoked the jurisdiction of this Court by filing the original Complaint and the FAC.

9. To the extent venue is proper in the underlying patent infringement action, venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b). However, Defendants reserve the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '995 Patent)**

10. Defendants reallege and incorporate the allegations set forth in Paragraphs 1-9 of these Counterclaims as if fully restated herein.

11. In its First Amended Complaint ("FAC") filed in this Action, Softwave alleges that Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe the '995 Patent by performing the methods claimed in the '995 Patent, or by inducing others to do so or by contributing to others' performance of said methods, during the course of offering to sell, selling, demonstrating and/or instructing the ordinary operation of the Modus F device as defined in Paragraph 13 of the FAC.

12. Defendants have not and are not now infringing, inducing the infringement of, or contributing to the infringement of any valid and enforceable claim of the '995 Patent, including but not limited to claims 1, 8 or 10, through use of the Modus F device.

13. An actual and justiciable controversy has arisen and now exists between the parties as to whether Defendants have infringed and continue to infringe any valid and enforceable claim of the '995 Patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendants request a declaration by the Court that Defendants have not infringed and do not infringe, either directly or indirectly, under any theory of infringement, any claim of the '995 Patent.

## COUNT II

**(Declaratory Judgment of Invalidity of the '995 Patent)**

15. Defendants reallege and incorporate the allegations set forth in Paragraphs 1-14 of these Counterclaims as if fully restated herein.

16. The claims of the '995 Patent are invalid in view of the prior art and/or the failure to comply with one or more conditions for patentability set forth under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 251, and the rules, regulations, and law pertaining to those provisions, including the applicable provisions of Title 37 of the Code of Federal Regulations.

17. For example, the claims of the '995 Patent are not supported by the specification in violation of 35 U.S.C. §§ 112 and/or 251.

18. An actual and justiciable controversy has arisen and now exists between the parties as to whether the claims of the '995 Patent asserted against Defendants are invalid.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendants request a declaration by the Court that the claims of the '995 Patent asserted against Defendants are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '249 Patent)

20. Defendants reallege and incorporate the allegations set forth in Paragraphs 1-19 of these Counterclaims as if fully restated herein.

21. In its FAC, Softwave alleges that Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe the '249 Patent "because it promotes, distributes, makes, uses, imports, offers for sale, sells and/or advertises" the Modus F device as defined in Paragraph 13 of the FAC, or because Defendants induce others to do so.

22. Defendants have not and are not now infringing or inducing the infringement of any valid and enforceable claim of the '249 Patent, including but not limited to claim 1, through use of the Modus F device.

23. An actual and justiciable controversy has arisen and now exists between the parties as to whether Defendants have infringed and continue to infringe any valid and enforceable claim of the '249 Patent.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendants request a declaration by the Court that Defendants have not infringed and do not infringe, either directly or indirectly, under any theory of infringement, any claim of the '249 Patent.

## COUNT IV

### (Declaratory Judgment of Invalidity of the '249 Patent)

25. Defendants reallege and incorporate the allegations set forth in Paragraphs 1-24 of these Counterclaims as if fully restated herein.

26. The claims of the '249 Patent are invalid in view of the prior art and/or the failure to comply with one or more conditions for patentability set forth under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 251, and the rules, regulations, and law pertaining to those provisions,

including the applicable provisions of Title 37 of the Code of Federal Regulations.

27. For example, the claims of the '249 Patent are not supported by the specification in violation of 35 U.S.C. §§ 112 and/or 251.

28. An actual and justiciable controversy has arisen and now exists between the parties as to whether the claims of the '249 Patent asserted against Defendants are invalid.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Defendants request a declaration by the Court that the claims of the '249 Patent asserted against Defendants are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 1, *et seq*., including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## REQUEST FOR RELIEF

WHEREFORE, Defendants request that the Court enter judgment in their favor and against Plaintiff as follows:

- A. A judgment dismissing the FAC with prejudice and declaring that Plaintiff is not entitled to any relief in the present action;
- B. A judgment that each asserted claim of the '995 Patent is invalid and unenforceable;
- C. A judgment that each asserted claim of the '249 Patent is invalid and unenforceable;
- D. A judgment that Defendants have not infringed, directly, contributorily or by inducement, any asserted claim of the '995 Patent;
- E. A judgment that Defendants have not infringed, directly, contributorily or by inducement, any asserted claim of the '249 Patent;
- F. An order awarding Defendants their costs of litigation;
- G. An order determining that Defendants are the prevailing party and that

1  this is an exceptional case, awarding Defendants their expenses,
2  disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285, and
3  all other applicable statutes, rules and common law; and

4  H.  Such further equitable or other relief as the Court deems just and proper.

6  Dated:  March 6, 2023            Respectfully submitted,

   Mintz Levin Cohn Ferris Glovsky and Popeo P.C.

   */s/ James Rapore*
   By:  James Rapore
        Matthew Novian

   Attorneys for Defendants,
   THOMAS KOSTOPOULOS,
   KOSTOPOULOS INVESTMENT
   HOLDINGS, LLC D/B/A
   STEMWAVE, AND DR. HAR HARI S.
   KHALSA, DC D/B/A
   TRANSFORMATIONAL HEALING
   UNIVERSE

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

Dated: March 6, 2023

Respectfully submitted,

Mintz Levin Cohn Ferris Glovsky and Popeo P.C.

　　　　*/s/ James Rapore*
By: James Rapore
　　 Matthew Novian

Attorneys for Defendants, THOMAS KOSTOPOULOS, KOSTOPOULOS INVESTMENT HOLDINGS, LLC D/B/A STEMWAVE, AND DR. HAR HARI S. KHALSA, DC D/B/A TRANSFORMATIONAL HEALING UNIVERSE