Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (818) 744-8714
Facsimile: (818) 337-0383
Email:  swritcheson@insightplc.com

*Attorney for Plaintiff and Counterclaim Defendant SoftWave Tissue Regeneration Technologies, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOFTWAVE TISSUE REGENERATION TECHNOLOGIES, LLC,** a Georgia limited liability company,<br><br>**Plaintiff,**<br><br>v.<br><br>**DR. HAR HARI S. KHALSA, DC, d/b/a TRANSFORMATIONAL HEALING UNIVERSE,** an individual; **THOMAS KOSTOPOULOS,** an individual; **and KOSTOPOULOS INVESTMENT HOLDINGS, LLC d/b/a STEMWAVE,** a Delaware limited liability company,<br><br>**Defendants.** | Case No. 2:22-cv-07810-MCS-RAO<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS (Dkt. No. 44)** |

Plaintiff SoftWave Tissue Regeneration Technologies, LLC (hereinafter, "SoftWave TRT" or "Plaintiff") answers the Counterclaims filed by Defendants Dr. Har

Hari S. Khalsa, DC, d/b/a/ Transformational Healing Universe, Thomas Kostopoulos, and Kostopoulos Investment Holdings, LLC ("KIH") d/b/a Stemwave (collectively, the "Defendants") (Dkt. No. 44; hereinafter, the "Counterclaims") as follows:

SoftWave TRT denies all allegations to the extent not expressly admitted. SoftWave TRT hereby responds to the individually numbered paragraphs of Defendants' Counterclaims as follows:

## NATURE OF ACTION

1. Plaintiff admits that Defendants are seeking declaratory judgments of non-infringement and invalidity of U.S. Patent Nos. 7,841,995 and 8,535,249, but Plaintiff denies that Defendants are entitled to such relief.

## PARTIES

2. On information and belief, Plaintiff admits the allegations set forth in Counterclaims ¶2.

3. On information and belief, Plaintiff admits the allegations set forth in Counterclaims ¶3.

4. On information and belief, Plaintiff admits the allegations set forth in Counterclaims ¶4.

5. Plaintiff admits the allegations set forth in Counterclaims ¶5.

## JURISDICTION AND VENUE

6. Plaintiff admits the allegations set forth in Counterclaims ¶6, but Plaintiff denies that Defendants are entitled to any relief.

7. Plaintiff admits the allegations set forth in Counterclaims ¶7, with a caveat that Plaintiff has only accused Defendants of infringing specific claims of the Asserted Patents, but Plaintiff denies that Defendants are entitled to any relief.

8. Plaintiff admits that the Court has jurisdiction over Plaintiff for the asserted claims in this case but denies that the Court has general personal jurisdiction over Plaintiff.

9. Plaintiff admits that venue is proper with respect to the underlying action and Counterclaims with respect to the asserted claims but denies the remainder of the allegations set forth in Counterclaim ¶9.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '995 Patent)**

10. Plaintiff incorporates its responses to Paragraphs 1-9 of these Counterclaims as if fully restated therein.

11. Plaintiff admits the allegations set forth in Counterclaims ¶11.

12. Plaintiff denies the allegations set forth in Counterclaims ¶12.

13. Plaintiff acknowledges that an actual and justiciable controversy exists with respect to the asserted claims of the '995 Patent but denies the remainder of the allegations set forth in Counterclaims ¶13.

14. Plaintiff acknowledges that Defendants seek a declaratory judgment that they do not infringe the asserted claims of the '995 Patent but denies the remainder of the allegations set forth in Counterclaims ¶14 and denies that Defendants are entitled to the relief they seek.

## COUNT II

**(Declaratory Judgment of Invalidity of the '995 Patent)**

15. Plaintiff incorporates its responses to Paragraphs 1-14 of these Counterclaims as if fully restated therein.

16. Plaintiff denies the allegations set forth in Counterclaims ¶16.

17. Plaintiff denies the allegations set forth in Counterclaims ¶17.

18. Plaintiff acknowledges that an actual and justiciable controversy exists with respect to the asserted claims of the '995 Patent but denies the remainder of the allegations set forth in Counterclaims ¶18.

19. Plaintiff acknowledges that Defendants seek a declaratory judgment that the asserted claims of the '995 Patent are invalid but denies the remainder of the allegations set forth in Counterclaims ¶19 and denies that Defendants are entitled to the relief they seek.

## COUNT III

**(Declaratory Judgment of Non-Infringement of the '249 Patent)**

20. Plaintiff incorporates its responses to Paragraphs 1-19 of these Counterclaims as if fully restated therein.

21. Plaintiff admits the allegations set forth in Counterclaims ¶21.

22. Plaintiff denies the allegations set forth in Counterclaims ¶22.

23. Plaintiff acknowledges that an actual and justiciable controversy exists with respect to the asserted claims of the '249 Patent but denies the remainder of the allegations set forth in Counterclaims ¶23.

24. Plaintiff acknowledges that Defendants seek a declaratory judgment that they do not infringe the asserted claims of the '249 Patent but denies the remainder of the allegations set forth in Counterclaims ¶24 and deny that Defendants are entitled to the relief they seek.

## COUNT IV

**(Declaratory Judgment of Invalidity of the '249 Patent)**

25. Plaintiff incorporates its responses to Paragraphs 1-24 of these Counterclaims as if fully restated therein.

26. Plaintiff denies the allegations set forth in Counterclaims ¶26.

27. Plaintiff denies the allegations set forth in Counterclaims ¶27.

28. Plaintiff acknowledges that an actual justiciable controversy exists with respect to the asserted claims of the '249 Patent but denies the remainder of the allegations set forth in Counterclaims ¶28.

29. Plaintiff acknowledges that Defendants seek a declaratory judgment that the asserted claims of the '249 Patent but denies the remainder of the allegations set forth in Counterclaims ¶29 and denies that Defendants are entitled to the relief they seek.

## JURY DEMAND

Plaintiff admits that Defendants seek a jury on the issues set forth in their Counterclaims but denies that they are entitled to such relief.

## REQUEST FOR RELIEF

Plaintiff denies that Defendants are entitled to the relief they seek in Paragraphs A – H of the section of the Counterclaims entitled "REQUEST FOR RELIEF" or any other relief.

## AFFIRMATIVE DEFENSES

In further answering the Counterclaims, Plaintiff pleads the following affirmative defenses, without admitting, agreeing, or conceding that Plaintiff bears the burden of proof or the burden of persuasion on any such defense, whether in whole or in part:

**FIRST AFFIRMATIVE DEFENSE: Failure To Plead With Particularity**

One or more of Defendants' allegations is not set forth with the requisite particularity, including but not limited to, Defendants' failure to allege specifically how and/or why the '995 Patent claims and/or the '249 Patent claims are not valid or infringed.

**SECOND AFFIRMATIVE DEFENSE: Failure to State a Claim**

One or more of Defendants' allegations fails to state a claim upon which relief

can be granted.

**THIRD AFFIRMATIVE DEFENSE: Lack of Subject Matter Jurisdiction**

One or more of Defendants' allegations is barred for lack of subject matter jurisdiction, particularly with respect to claims of the '995 Patent and/or the '249 Patent that are not asserted against Defendant.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Plaintiff expressly and specifically reserves the right to move for leave to amend this Answer to add, delete, and/or modify affirmative defenses based upon legal theories, facts and/or circumstances which may or will be developed through discovery and/or through further legal analysis of its position in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for the following relief against Defendants, as follows:

A. Entry of Judgment dismissing Defendants' Counterclaims in their entirety;

B. Entry of Judgment declaring the '995 Patent claims to be valid, enforceable and infringed by Defendants;

C. Entry of Judgment declaring the '249 Patent claims to be valid, enforceable and infringed by Defendants;

D. An award of attorneys' fees and costs incurred in defending against Defendants' Counterclaims; and

Such other and further relief as the Court deems just and proper

1
2
3   This 6th day of April, 2023.
4
5                                          /s/ *Steven W. Ritcheson*
                                           Steven W. Ritcheson, Esq. (SBN 174062)
6                                          **INSIGHT, PLC**
                                           578 Washington Blvd. #503
7                                          Marina del Rey, California 90292
                                           Telephone: (424) 289-9191
8                                          Facsimile: (818) 337-0383
                                           swritcheson@insightplc.com
9
                                           *Attorney for Plaintiff*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28